# WILLIAM DEERING
## V.
# WILLIAM WALKER.

*Agency—Note—Guaranty—Unauthorized Use of Name—Partnership.*

In an action on an alleged guaranty of a promissory note, executed by a third person, this court declines to interfere with the finding of the court below for the defendant, there being a conflict of evidence as to whether he authorized or ratified such use of his name.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Ford County; the Hon. A. SAMPLE, Judge, presiding.

Mr. MILTON H. CLOUD, for appellant.

As a partner, did Daniels have authority, actual or apparent, to sell the machine and guarantee the notes in controversy?

The firm was organized for the purpose of selling appellant's machinery, etc., and as a part of its obligation to appellant it was to guarantee notes taken for machines sold.

The business of the firm was to sell. That was the principal thing. The place where machines might or might not be sold was a mere incident to the business. If they saw fit to take the risk of losing their commissions on the sales, they might sell anywhere; and what the partnership might do in that particular, either partner might do on the firm account.

Such being the case, appellee's claim that the sale was not within the territory covered by the contract will not protect him.

The object of the clause prescribing the territory in which the firm might sell is apparent. Appellant manufactured harvesting machines which he sold to farmers in all parts of the country. The sales were made through agents who had set apart to them certain contiguous territory in which they

Deering v. Walker.

were authorized to canvass and sell. The agent's compensation was a commission on the sales made. There was a strong inducement, therefore, to an agent to invade territory properly belonging to his neighboring agent, unless he was restrained from so doing by some provision in his contract of agency.

The restraining clause in this contract simply provided that if the agents, Daniels and appellee, did sell in the territory of the neighboring agent, they should forfeit to such agent the commissions on such sales, and respond to him for such other damages as might result from the trespass. The right of appellant to require full settlement for machines so sold, and the guaranty of notes taken therefor, was not waived by the contract.

Every partner possesses full and absolute authority to bind all the partners, by his acts or contracts, in relation to the business of the firm, in the same manner and to the same extent as if he held full powers of attorney from all the members. Nor, as between the firm and other parties who deal with him in good faith, and without notice, is it a matter of any consequence whether the partner is acting fairly with his co-partners in the particular transaction or not. If he is acting within the apparent scope of his authority, and professedly for the firm, his acts and representations are binding upon the firm. Pahlman v. Taylor, 75 Ill. 629–635, and authorities there cited; Gregg v. Fisher, 3 Ill. App. 261; Fisher v. Bowles, 20 Ill. 396; Warner v. Hale, 65 Ill. 395; Silverman v. Chase, 90 Ill. 37.

Daniels and appellee agreed with appellant to sell " to good and responsible men only." Symonds was not responsible at the time the notes fell due, and it will be presumed he was not at the time they were taken, in absence of proof to the contrary. The burden of showing his responsibility at that time, if at all material, was on appellee. He can not excuse himself under the claim that Daniels alone made the sale and took and guaranteed the notes. Wolf v. Mills, 56 Ill. 360–1. Partnership debts are joint and several. 2 Starr & C. Ill. Stat., 1376, ¶ 3; Mason v. Tiffany, 45 Ill. 392–5; Gage v. M. Nat. Bank, 79 Ill. 62.

Messrs. TIPTON & MOFFETT, for appellee.

A surety or guarantor can only be charged when brought within the very terms of his contract. Ryan v. Shawneetown, 14 Ill. 20; Nat. Bank of Peoria v. Diefendorf, 90 Ill. 396; Smith v. Wetherell, 4 Ill. App. 655; Musick v. Hodgen, 47 Ill. 125; Thomas v. Olney, 16 Ill. 53. The undertaking of a party to a contract of guaranty can not be extended by implication or enlarged. Appellee's contract as to guaranteeing notes was to guarantee notes taken on sales in territory of "Paxton and vicinity," and none other, and it can not be extended to sales made in "Rankin and vicinity." Therefore the contract and the agreement therein contained has nothing to do with these notes, and it can not be used to predicate a cause of action against appellee on these notes.

It is well settled that any restrictions imposed by the partnership articles operate *inter se*, and with all parties having knowledge of such restrictions. Lindley on Partnership, Vol. 1, pp. 236–7; Davis v. Richardson, 45 Miss. 499; Livingston v. Roosevelt, 4 Johns. 251; Gray v. Ward, 18 Ill. 32; Davis v. Blackwell, 5 Ill. App. 32; Marsh v. Thompson, 2 Ill. App. 217.

Another proposition we state, viz: A partner has no authority by virtue of the partnership relation to sign the firm name for any purpose not connected with the partnership business. Lindley on Partnership, Vol. 1, p. 325; Selden v. Board of Commerce, 3 Minn. 163; Davis v. Blackwell, 5 Ill. App. 32; Marsh v. Thompson Bk., 2 Ill. App. 217; McNair v. Platt, 46 Ill. 211.

This is an act *prima facie* without the scope of any mercantile partnership business. It devolves upon the party, therefore, seeking to charge the firm or individual member thereof, to show that such action was authorized or same was afterward ratified. As to all but the party actually signing the name, the act is a nullity. Spurck v. Leonard, 9 Ill. App. 174; Davis v. Blackwell, 5 Ill. App. 32; Marsh v. Thompson, 2 Ill. App. 217; McNair v. Platt, 46 Ill. 211; Foot v. Sabin, 19 Johns. 154.

CONGER, J. On December 11, 1882, appellant, Deering, appointed, by a written instrument of that date, appellee

Walker and one John Daniels, his agents for the sale of his harvesters and other machinery, for the season ending September 1, 1883, "for the following territory and no other: Paxton and vicinity;" by which written instrument, among other things, Walker and Daniels agreed to guarantee the collections of all notes taken on sales of machinery made under such agreement.

An agency was also established by appellant at Rankin, Illinois, for the sale of like machinery, and one Bush Daniels was made the agent at that place, and a sample machine was sent to him there; but he, refusing to act as such agent or sell such machine, Gilchrist, the traveling agent of appellant, afterward made a parol agreement with John Daniels, by which the territory of Rankin and vicinity was turned over to him, he at the time professing to act for himself and Walker.

The machine at Rankin was sold to one Symonds, his notes taken therefor, and the names of John Daniels and Wm. Walker placed thereon as guarantor by John Daniels.

The notes not having been paid, suit was brought upon the guarantee thereon. Appellee Walker filed a plea verified by his affidavit denying the execution of such guarantee as to himself. The cause was tried by the court without a jury, with a finding for appellee Walker.

We can see no good reason for interfering with the judgment of the court below. It is clear that the court was authorized to find, as it did, that the machine sold at Rankin was not sold under and by virtue of the written contract, which was limited to Paxton and vicinity; and it follows that unless the facts and circumstances in evidence were sufficient to show that Walker, in some legal way, ratified the additional contract made between John Daniels and appellant's agent, by which Daniels assumed to control and sell the machine at Rankin, or that appellee Walker authorized or ratified the use of his name as guarantor upon the Symonds notes, Walker would not be liable.

These were questions of fact, upon which the evidence was conflicting, and we see no reason for reaching a conclusion therefrom different from that reached by the Circuit Court. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*